## Spishok Appeal.

Argued April 29, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Benjamin G. McFate,* for appellant.

*H. Carl Wasson,* with him *Wasson & Egan,* for appellees.

OPINION BY MR. JUSTICE EAGEN, May 3, 1965:

Certain electors of Sugarcreek Township, Venango County, Pennsylvania, filed timely petitions with the County Board of Elections under the "Local Option" provision of the Commonwealth's Liquor Control act,[1] requesting that the question of granting liquor and malt beverage licenses in the township be placed on the ballot for the primary election to be held May 18, 1965. The petitions purported to contain the signatures of 385 qualified electors.

To be valid under the statute, such a petition must contain the signatures of qualified electors[2] totaling in number at least 25% of the highest vote cast for any office in the involved municipality at the last preceding general election. It is admitted that to meet this requirement the referendum petitions here involved had to contain the signatures of at least 347 qualified electors.

Within the time allowed by law, certain other electors of the township filed objections to the referendum petitions and asked the court below to declare said petitions invalid because: (a) 39 of the signers were not registered voters or qualified electors of the township; and (b) one individual had signed three times and another twice.

---

[1] Act of May 3, 1933, P. L. 252, §32, as amended, 47 P.S. §4-472.

[2] This means registered voters at the time of signing the petition: *Aukamp v. Diehm,* 336 Pa. 118, 8 A. 2d 400 (1939).

After hearing, the court below found that the referendum petitions did not contain the required number of signatures of qualified electors. It therefore sustained the objections thereto and directed that the referendum question be omitted from the ballot. This appeal followed.

It is not now maintained that the petitions were signed by the required number of qualified electors. The finding of the court to the contrary is not challenged. Appellant's only contention is that the court below erred in considering the objections to the petitions and not dismissing them forthwith, because when filed they failed to specifically identify the signatures of the 39 unqualified or challenged signers.

We will not disturb the order below.

When the issue came before the court for hearing and the appellant questioned the specificity of the objections to the petitions, the names of the signers challenged were immediately made known and entered of record. The hearing was then continued for six days in order to give the appellant sufficient opportunity to prepare and meet the issue. No further continuance was requested. At the adjourned hearing appellant, admittedly, did not sustain the qualifications of a sufficient number of signers. Under the circumstances, the appellants were given ample notice of the issue they had to meet and no prejudice occurred.

Affirmed.